UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

NANCY McELDOWNEY, an individual,

              Plaintiff,

              v.

AMSHIELD INSURANCE COMPANY, a
foreign corporation or other business entity,

              Defendant.

3:24-cv-01368-JR

FINDINGS & RECOMMENDATION

Russo, Magistrate Judge:

## BACKGROUND

Plaintiff, Nancy McEldowney, initiated this action on July 24, 2024, in the Circuit Court of the State of Oregon for the County of Multnomah. (ECF 1-1). Plaintiff alleged defendant, Amshield Insurance Company, breached its insuring agreement with plaintiff when it failed to pay damages incurred as a result of a car accident on March 20, 2020, caused by an impaired driver, and subsequent accident on April 30, 2020, caused by plaintiff's seizure as a result of injuries sustained in the earlier accident. On August 20, 2024, defendant removed the action to this Court based on diversity jurisdiction. (ECF 1). Plaintiff moves to remand. For the reasons stated below, the motion is denied.

Page 1 – FINDINGS & RECOMMENDATION

DISCUSSION

Plaintiff asserts the Oregon State Courts have personal jurisdiction over defendant. Plaintiff also asserts an exercise of jurisdiction by Oregon's federal court "would violate traditional notions of fair play and substantial justice" (ECF 4 at p. 5) and thus the case should be remanded back to Multnomah County Circuit Court.

Plaintiff conflates the elements for determining whether a Court may exercise personal jurisdiction over a party with the separate concept of removal jurisdiction. The issue before this Court is whether removal from a state Court in Oregon to a federal Court in Oregon is proper. Defendant asserts this Court has diversity jurisdiction and in a diversity case, a federal court has personal jurisdiction over a nonresident defendant to the same extent a state court has personal jurisdiction.[1] Neither party disagrees that Oregon state courts have personal jurisdiction over defendant. As such, plaintiff's argument for remand makes little sense and is a waste of judicial resources.[2]

A federal court must grant a motion to remand if there is any defect which causes federal jurisdiction to fail or if there is any defect in the removal procedure. See 28 U.S.C. § 1447(c). To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir.2005). "Federal

---

[1] Wilson v. Belin, 20 F.3d 644, 646 (5th Cir. 1994) ("In a diversity suit, a federal court has personal jurisdiction over a nonresident defendant to the same extent that a state court in that forum has such jurisdiction.").

[2] It appears that plaintiff equates litigating this case in Oregon federal Court to litigating outside of Oregon's jurisdiction. See Reply (ECF 7) at p. 4:
> Oregon's interest in this case is superior to that of any other jurisdiction's. Therefore, it is reasonable for Oregon to maintain jurisdiction. AmShield has specifically targeted and profited off of the Oregon market for years. Thus, it comports with fair play and substantial justice that AmShield answer to Oregon courts for its alleged breach of contract. AmShield has the burden of presenting a "compelling case" that Oregon keeping jurisdiction is unreasonable. AmShield has not met this burden. It cannot.

The Court cannot fathom why plaintiff believes this Court's exercise of subject matter jurisdiction then allows defendant to escape "Oregon jurisdiction." Indeed, the Court's name, the United States District Court for the District of Oregon, is a significant clue to those practicing before it that this is, in fact, an Oregon court.

jurisdiction must be rejected if there is any doubt as to the right of removal." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir.1992) (internal citation omitted). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (internal citations omitted).

The removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for any district ... where such action is pending." 28 U.S.C. § 1441(a).

Federal courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332. Proper jurisdiction under Section 1332 requires complete diversity, so each plaintiff must be diverse from each defendant. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).

Plaintiff alleges she is a resident of Oregon and defendant is a foreign Corporation registered to do business in Oregon (ECF 1-1 ¶¶ 2-3). Defendant is not an Oregon Corporation but is a Missouri corporation with its principal place of business in Missouri. (ECF 1 at p. 2). Plaintiff seeks over $600,000 in damages. (ECF 1-1 at p. 7). Accordingly, this Court has original jurisdiction based on diversity of citizenship.

The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C.A. § 1446(b).

As noted above, plaintiff initiated this action on July 24, 2024[3] and defendant filed its notice of removal on August 20, 2024.  Accordingly, the notice of removal is timely, removal is proper, and the motion to remand is denied.

## CONCLUSION

Plaintiff's motion to remand (ECF 4) should be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 5th day of December, 2024.

/s/ Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge

---

[3] Plaintiff served defendant on the same date. (ECF 1 at p. 2)

Page 4 – FINDINGS & RECOMMENDATION